United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Global Industrial Contractors, LLC, | § § § | |
| | § | |
| *Plaintiff/Counter Defendant,* | § § | |
| | § | |
| v. | § | Case No. 4:22-cv-00257 |
| | § | |
| Red Eagle Pipeline, LLC, | § | |
| | § | |
| *Defendant/Counter Claimant.* | § § | |
| v. | § | |
| | § | |
| Suretec Insurance Company, | § | |
| | § | |
| *Third-Party Defendant* | § § | |
| | § | |

**MEMORANDUM AND ORDER**

Plaintiff Global Industrial Contractors, LLC ("Global") filed a motion asking this Court to compel the parties to arbitrate this dispute in Baton Rouge, Louisiana, based on Global's arbitration agreement with Defendant Red Eagle Pipeline, LLC ("Red Eagle"). Dkt. 2. In response, Red Eagle agrees that it is bound to arbitrate this dispute, but asserts that a Texas statute authorizes it to void the portions of the agreement invoking Louisiana law and requiring arbitration in Louisiana. Dkt. 12 at 2-3.

After carefully considering Global's motion to compel arbitration, Dkt. 2, Red Eagle's response, Dkt. 12, Global's reply, Dkt. 14, and the applicable law, it is recommended that the Court grant Global's motion.

## Background

This is a construction dispute. Global subcontracted with Red Eagle to build a concrete box structure at a project in Texas City, Texas. Dkt. 1 ¶¶ 7, 8. According to Global, the parties' subcontract agreement excluded, from the scope of work, the cost of excavating ground material. *Id.* ¶ 9. Global asserts that Red Eagle violated the agreement by excavating ground material without prior notice to or consent from Global. *Id.* ¶¶ 12-15. When Global told Red Eagle to stop its excavation work, Red Eagle allegedly ignored Global's directives and attempted to refill the excavated material. *Id.* ¶¶ 16-17. Red Eagle's remedial efforts went awry. *Id.* ¶ 18. Its owner lost control of a trackhoe, which slid down an embankment and damaged a cofferdam, causing water to spill into the project site. *Id.*

Global filed this suit, asserting claims against Red Eagle for breach of contract, professional negligence, breach of warranty, and fraudulent lien under Texas law. *Id.* ¶¶ 23-38. A few days later, Global filed a motion to compel arbitration based on a provision of the subcontract agreement. Dkt. 2. Red Eagle responded, agreeing that arbitration is warranted but asserting that Tex. Bus. & Com. Code § 272.001 permitted it to void both the contract's

specification of the arbitral venue in Baton Rouge, Louisiana, and the application of Louisiana law to this dispute.  Dkt. 12 at 2-3.  In the interim, Red Eagle filed counterclaims against Global, alleging breach of contract and failure to pay amounts due on a bond, and asserted a third-party claim against the bond surety, Suretec Insurance Company.  Dkt. 8 ¶¶ 51-71.

## Legal Standard

Courts conduct a two-step inquiry when resolving a motion to compel arbitration under the Federal Arbitration Act ("FAA").  First, a court decides whether the parties agreed to arbitrate their dispute.  *See OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001) (per curiam). That inquiry asks both "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."  *Id.*  The second inquiry considers "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."  *Id.* at 446.  That inquiry must take into account the FAA's requirement that courts "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms."  *Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

## Analysis

### I.   Magistrate Judges Have Authority to Resolve Motions to Compel Arbitration.

A threshold question is whether a motion to compel arbitration constitutes a dispositive matter. If not, then the undersigned can resolve the motion by issuing an order that is subject to a deferential standard of review. *See* 28 U.S.C. § 636(b)(1)(A), (1)(B); Fed. R. Civ. P. 72(a).

The Fifth Circuit has yet to determine whether a motion to compel arbitration constitutes a dispositive matter akin to the types of motions enumerated in Section 636(b)(1)(A). *See Lee v. Plantation of La., LLC*, 454 F. App'x 358, 359 n.3 (5th Cir. 2011) (declining to reach the issue); 28 U.S.C. § 636(b)(1)(A) (listing, *inter alia*, motions for "judgment on the pleadings, for summary judgment, ... to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action" as examples of dispositive civil motions). At least two other circuits have deemed such motions to be non-dispositive. *See Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014) ("[W]e see no exercise of Article III power when a Magistrate Judge rules on a motion to compel arbitration"); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14-15 (1st Cir. 2010) (analyzing motions to stay pending arbitration). District court decisions within the Fifth Circuit are divided on the issue. *See, e.g., Carrillo v. Roicom USA,*

4

*LLC*, 486 F. Supp. 3d 1052, 1060 (W.D. Tex. 2020) (collecting authorities and concluding that "all four federal judicial districts in Texas have held motions to compel arbitration to be non-dispositive matters"). *But see, e.g., Allen v. W&T Offshore, Inc.*, 2019 WL 2996695, at *1 n.1 (S.D. Tex. July 1, 2019) (predicting, based on the analysis of motions to remand in *Davidson v. Ga.-Pac., LLC*, 819 F.3d 758, 763 (5th Cir. 2016), that the Fifth Circuit would deem a motion to compel arbitration to be a dispositive matter).

The undersigned judge is persuaded by the reasoning in the First and Third Circuit opinions. "A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein." *Virgin Islands*, 561 F. App'x at 134. Unlike a court's order granting a motion to remand, which ends the federal proceeding and, thus, is treated as dispositive, *see Davidson*, 819 F.3d at 763 (noting that a remand order "is the functional equivalent of an order of dismissal") (internal quotation marks omitted), a court that grants a request to compel arbitration retains discretion under 9 U.S.C. § 3 to determine whether the case should be stayed or, alternatively, be dismissed.[1] *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). And if the case is stayed, the court "retains authority to dissolve the stay or, after the arbitration

---

[1] Global has not specified whether the case should be stayed or dismissed; it simply asks that arbitration in Louisiana be compelled. *See* Dkt. 2 at 12; Dkt. 14 at 4.

5

has run its course, to make orders with respect to the arbitral award." *PowerShare*, 597 F.3d at 14 (citing 28 U.S.C. § 9).

Because a motion to compel arbitration neither resolves the merits of the dispute nor conclusively dispenses with the Court's jurisdiction, it is a non-dispositive matter that a magistrate judge can resolve.

## II.    The FAA Preempts Tex. Bus. & Com. Code § 272.001, thus Requiring Enforcement of the Arbitral Venue and Choice-of-Law Provisions.

Red Eagle does not dispute that a valid arbitration agreement exists, nor that the agreement encompasses the parties' claims.   Rather, Red Eagle invokes a Texas statute permitting it to void the agreement's specification of both a non-Texas venue for arbitration and non-Texas law.   Dkt. 12 at 2-3 (citing Tex. Bus. & Com. Code Ann. § 272.001).   Global replies that because the Texas statute attempts to invalidate the parties' contractually-specified law and forum for arbitration, it is preempted by the FAA.   Dkt. 14 at 2-4.

The arbitration clause is contained in a construction contract.   *See* Dkt. 2-1, PX-A at 1, 6 § 16.   The relevant paragraph specifies that the parties agree to resolve "any and all disputes between them and arising from this Agreement and Project" through "binding arbitration administered by the American Arbitration Association ... in the venue of Baton Rouge, Louisiana."   *Id.* at 6 § 16.   The same paragraph further provides that "any disputes arising [under the construction contract] shall be construed in accordance with and governed

6

by the laws of the State of Louisiana." *Id.* But the statute that Red Eagle cites permits it to void the venue and choice-of-law provisions:

> (b)     If a construction contract or an agreement collateral to or affecting the construction contract contains a provision making the contract or agreement or any conflict arising under the contract or agreement subject to another state's law, litigation in the courts of another state, or arbitration in another state, that provision is voidable by a party obligated by the contract or agreement to perform the work that is the subject of the construction contract.

Tex. Bus. & Com. Code Ann. § 272.001(b).

As Global correctly observes, the Fifth Circuit held that a statute materially similar to Section 27.001(b) is preempted by the FAA. Dkt. 14 at 2-3 (citing *OPE Int'l LP*, 258 F.3d at 446-47). There, the court analyzed a Louisiana law barring enforcement of a provision in certain construction subcontracts that "[r]equires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of [Louisiana]." *Id.* at 446 (quoting La. Rev. Stat. Ann. § 9:2779(B)(1)). The court noted, "The FAA declares written provisions for arbitration 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* at 446 (quoting 9 U.S.C. § 2). The Louisiana statute "directly conflicts with § 2 of the FAA because [it] conditions the enforceability of arbitration agreements on selection of a Louisiana forum[,] a requirement not applicable to contracts generally." *Id.* at 447 (citing *Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681,

687 (1996)).  Holding that the FAA preempted the Louisiana statute, the Fifth Circuit affirmed the order compelling arbitration.  *Id.* at 447-48.

The rationale in *OPE International* led a Texas intermediate appellate court to conclude that the FAA preempts Tex. Bus. & Com. Code Ann. § 272.001.  *Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843, 856 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd).  "Applying section 272.001 as Levco asks us to do here would prevent us from enforcing a term of the parties' arbitration agreement—the venue—on a ground that is not recognized by the FAA or by general state-law contract principles." *Id.*

Notably, the *Cleveland Construction* court rejected Levco's attempt to distinguish *OPE International* on the grounds that the Louisiana statute nullified a non-Louisiana venue provision, whereas Section 272.001 only makes such a provision voidable.  *Id.*  "[B]y allowing a party to subsequently declare void a previously bargained-for provision, application of section 272.001 would undermine the declared federal policy of rigorous enforcement of arbitration agreements." *Id.*

*OPE International* and *Cleveland Construction* are dispositive.  By invalidating portions of the arbitration agreement prescribing a Louisiana venue and choice of law, Section 272.001 conflicts with the FAA's directive that arbitration agreements must be enforced except on grounds applicable to all contracts.  9 U.S.C. § 2.  Applying Section 272.001 would impermissibly

8

condition arbitration on a Texas venue and Texas choice of law—a condition "a requirement not applicable to contracts generally." *OPE Int'l*, 258 F.3d at 447. That, in turn, would undermine the FAA's directive to enforce arbitration agreements as written. *See Cleveland Constr.*, 359 S.W.3d at 856.

Against these authorities, Red Eagle cites a district court decision that applied Section 272.001 to invalidate a forum-selection clause and choice-of-law provision in a construction subcontract—but nonetheless compelled arbitration pursuant to a separate contract. *Suretec Ins. Co. v. C.R. Crawford Constr., LLC*, 2021 WL 6280376, at *1, 4, 8 (E.D. Tex. Dec. 15, 2021); Dkt. 12 at 2-3. The court did not address FAA preemption; the question was not presented because the arbitration clause was in a different contract. *See Suretec Ins. Co.*, 2021 WL 6280376, at *1, 4, 8. Nothing in *Suretec* permits Red Eagle to void the venue and choice-of-law provisions in its arbitration agreement with Global. And even if it did, this Court is bound by *OPE International*'s holding that the FAA preempted a statute materially similar to Section 272.001. 258 F.3d at 446-48.

In sum, the FAA forecloses Red Eagle's reliance on Section 272.001. Pursuant to the parties' arbitration agreement, this Court should grant Global's motion to compel Red Eagle to arbitrate the parties' claims in Baton Rouge, Louisiana, and specify that their agreement, and any disputes arising thereunder, will be governed by Louisiana law.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Global Industrial Contractors, LLC's motion to compel arbitration (Dkt. 2) is **GRANTED**.  It is further **ORDERED** that the parties must arbitrate their dispute in Baton Rouge Louisiana and submit to application of Louisiana law to their subcontract agreement, dated February 19, 2021, and any disputes arising thereunder.

Signed on June 21, 2022, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

10